IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARIBEL T. BARUT, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 06-3246-CV-S-RED |
| | ) | |
| **U.S. CITIZENSHIP AND** | ) | |
| **IMMIGRATION SERVICE,** | ) | |
| *Dr. Emilio T. Gonzalez, Director*, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now before the Court are the Motion of the United States Citizenship and Immigration Service to Dismiss (Doc. 6), Plaintiffs' Answer to Defendant's Motion to Dismiss and Plaintiffs' Motion to Dismiss Without Prejudice (Doc. 12-1), Reply Suggestions in Support of the Motion of the USCIS to Dismiss and in Consent to Plaintiff's Motion to Dismiss Without Prejudice (Doc. 14), and Plaintiffs' First Amended Answer to Defendant's Motion to Dismiss and Plaintiffs' Motion in the Alternative to Dismiss Without Prejudice (Doc. 15).

Plaintiffs Maribel Barut and Colonel Stephen Heetland filed a complaint for injunctive and declaratory relief against Defendant United States Citizenship Immigration Service ("USCIS") requesting the Court, in pertinent part: to declare the USCIS finding that Plaintiff Barut is ineligible to adjust her status under Section 245 of the Immigration and Nationality Act as unlawful, null, and void; to declare that Plaintiffs had acted in full compliance with the Immigration and Nationality Act between December, 2000, and the present; and to enjoin Defendant USCIS from denying Plaintiff Barut's application to adjust her immigration status under Section 245 of the Immigration and Nationality Act. Defendant USCIS filed a motion to

dismiss under Rule 12(b) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and for failure to exhaust administrative remedies.

## DISCUSSION

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff, as the party invoking federal jurisdiction, has the burden of proof. *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 815 (8th Cir. 2006). Plaintiffs Barut and Heetland alleged jurisdiction in their complaint under the Declaratory Judgment Act, 28 U.S.C. § 2201, under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and under Federal Question Jurisdiction, 28 U.S.C. § 1331. The Court must consider each alleged jurisdictional basis in turn.

1. Declaratory Judgment Act

The Declaratory Judgment Act does not confer jurisdiction, but rather enlarges the range of remedies available in federal courts. *Skelly Oil Co. v. Phillips Petroleum, Co.*, 339 U.S. 667, 671 (1950). Consequently, the Declaratory Judgment Act is not an independent basis for subject matter jurisdiction for this Court.

2. Administrative Procedure Act

The APA alone does not confer jurisdiction on a district court to review administrative agency decisions. *Califano v. Sanders*, 430 U.S. 99, 107 (1977). While 5 U.S.C. § 704 provides judicial review for "agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court," 5 U.S.C. § 701(a)(2) limits the application of the APA "to the extent that (1) statutes preclude judicial review; or (2) agency action is committed

2

to agency discretion by law."  Although a presumption in favor of judicial review of agency actions exists, that presumption may be overcome if the statute at issue indicates Congress intended to preclude judicial review.  *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 349 (1984).

Section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255, establishes the criteria for the adjustment of nonimmigrant status and provides the Attorney General with the discretion to make such adjustment decisions.  Under 8 U.S.C. § 1252(a)(2)(B)(i), "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title."  Here, the Court is expressly divested of jurisdiction to review the denial of Plaintiff Barut's adjustment of status.  Because of this express statutory preclusion of judicial review, the APA is not available to provide judicial review.

Plaintiffs argue that although discretionary decisions regarding the denial of adjustment status are outside the scope of the APA and not subject to judicial review, the nondiscretionary determinations underlying the decision are subject to review. *Ortiz-Cornejo v. Gonzales*, 400 F.3d 610 (8th Cir. 2005).  Here, however, there is no indication there are any nondiscretionary determinations to review.  "[T]he decision of whether to grant or deny an adjustment status is wholly discretionary." *Kim v. Ashcroft*, 340 F. Supp. 2d 384, 388 (S.D.N.Y. 2004).  Absent any nondiscretionary determinations, the APA does not apply to review of Plaintiff's Barut's denial.

Moreover, even if the APA were said to apply in this case, judicial review would not be available under 5 U.S.C § 704.  As discussed above, the denial of adjustment status is not made reviewable under statute, and the decision is not considered a final agency action. *See* 8 C.F.R. § 245.2(a)(5)(ii) (2006).  Thus, the APA does not serve as a basis for jurisdiction in this matter.

3.  Federal Question Jurisdiction

Federal question jurisdiction exists when "'the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 907 (8th Cir. 2005) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Here, Plaintiffs allege the Defendant mischaracterized and misapplied the Immigration and Nationality Act when denying Plaintiff Barut's application for an adjustment of status. While such an allegation suggests the need for resolution of a substantial question of federal law, as stated above, the application and interpretation of the law at issue is committed to the Attorney General's discretion. Review of this decision has been removed from this Court's jurisdiction.

Furthermore, as a matter of jurisdiction, a court may not review the administrative decisions of the USCIS unless the applicant has first exhausted all administrative remedies. *See Cardoso v. Reno*, 216 F.3d 512, 518 (5th Cir. 2000). In this case, Plaintiff Barut has the opportunity to renew her application for adjustment of status in her scheduled removal proceedings. *See* 8 C.F.R. § 245.2(a)(5)(ii) (2006). Therefore, the Court may not exercise jurisdiction over this matter.

## CONCLUSION

For the foregoing reasons, the Motion of the United States Citizenship and Immigration Service to Dismiss (Doc. 6) is **GRANTED**. The above-styled case is hereby **DISMISSED**.

**IT IS SO ORDERED**.

DATED: August 29, 2006  */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT

4